IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL ALLEN FULBRIGHT,

           Plaintiff,

v.                                                  CASE NO. 18-3169-SAC

CICILIA MARIANI,

           Defendant.

## MEMORANDUM AND ORDER

Mr. Fulbright, a pre-trial detainee confined in the Shawnee County Jail, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint includes few details but seems to allege constitutional defects with Mr. Fulbright's 2014 Kansas conviction for sexual battery.[1] As relief, Plaintiff requests removal from registration as a sex offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901, et seq., or a new trial.

The Court entered an order (ECF Doc. 3) denying Plaintiff's motion to proceed *in forma pauperis*, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the complaint and found that while Plaintiff alleges he is in imminent danger, his allegations are vague, conclusory, and exhibit no nexus with the claims he asserts and therefore fail to satisfy the exception to the three-strikes provision. *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1175 (10th Cir. 2011); *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2nd Cir. 2009);

---

[1] Case No. 14-CR-000833 in the District Court of Shawnee County, Kansas.

*see also Davis v. CoreCivic*, 2017 WL 4269986, *1 (W.D. Okla. Sept. 26, 2017); *Lynn v. Roberts*, 2011 WL 3667171, *1 (D. Kan. Aug. 22, 2011). The Court granted Plaintiff until August 24, 2018, to submit the $400.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (ECF Doc. 3, at 2.) Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to submit the filing fee has passed without a response from Plaintiff. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

It may be that, given the nature of Plaintiff's claims and requested relief, his complaint is more properly construed as a petition for writ of habeas corpus. However, liberally construing the complaint as a habeas corpus action does not save it.[2] The Court does not have jurisdiction over

---
[2] The Court incorporates by reference the more detailed discussion of the reasons for dismissal contained in the its orders dismissing case numbers 18-cv-03190-SAC, 18-cv-03191-SAC, 18-cv-03192-SAC, 18-cv-03211-SAC, 18-cv-03212-SAC, and 18-cv-03213-SAC.

a habeas claim based on Mr. Fulbright's 2014 conviction because he is no longer in custody pursuant to that conviction. A petitioner seeking habeas relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Nor is the resulting KORA registry requirement a sufficient restraint on liberty to qualify as being "in custody." *See Calhoun v. Att'y General of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014). Moreover, Mr. Fulbright did not exhaust his state court remedies, and his habeas claim is not timely. *See* 28 U.S.C. § 2254(b)(1); 28 U.S.C. § 2244(d)(1). Finally, to the extent Mr. Fulbright is raising a challenge to the pending state charges of failing to register under KORA, the abstention doctrine precludes this Court's intervention in a pending state prosecution. *See Younger v. Harris*, 401 U.S. 37, 43 (1971); *see also Hicks v. Miranda*, 422 U.S. 332, 349 (1975).

To the extent this order is considered a dismissal of a habeas action, Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

3

For these reasons, Mr. Fulbright's complaint, even when construed as a habeas petition, must be dismissed.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice**.

**IT IS SO ORDERED.**

DATED: This 27th day of August, 2018, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**